NO. 07-02-0375-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 26, 2002

_____


TARA SHAREE JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 40,305-D; HONORABLE DON EMERSON, JUDGE

_____

Before REAVIS and JOHNSON, JJ., and BOYD, S.J.[1]


On September 10, 2002, a copy of a Notice of Appeal in cause No. 40305-D in the 320th District Court of Potter County, Texas (the trial court), was filed with the clerk of this court (the appellate clerk). The document filed gives notice that appellant Tara Sharee Johnson desires to appeal from a conviction and sentence in such court and cause

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

number.  On September 16, 2002, an appellate docketing statement was filed which sets out that the appeal is from a judgment or order dated August 15, 2002.

On October 15, 2002, a request for extension of time for filing the clerk's record was filed with the appellate clerk.  By such request, the District Clerk of Potter County (the trial court clerk) advised that the clerk's record had not been paid for and that appellant had made no arrangements to pay for the record.  An extension of time was granted for filing the clerk's record until November 13, 2002.  The clerk's record has not been filed.

On November 14, 2002, the appellate clerk received a notice from the trial court clerk that the clerk's record has not been paid for, and that the record will not be forwarded to the appellate court for filing.  The appellate clerk's record reflects no other action by any party to the appeal to prosecute the appeal.

Accordingly, this appeal is abated and the cause is remanded to the trial court.  TEX. R. APP. P. 37.3(a)(2).  Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then whether appellant is indigent; (3) if appellant desires to prosecute this appeal, whether appellant is entitled to have the clerk's record and a reporter's record furnished without charge; and  (4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the

clerk's record and the reporter's record will be promptly filed and that the appeal will be diligently pursued.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a clerk's record on remand; (3) enter any orders appropriate to the circumstances; (4) cause the hearing proceedings to be transcribed and included in a reporter's record; and (5) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the reporter's record. In the absence of a request for extension of time from the trial court, the clerk's record on remand, reporter's record of the hearing and proceedings pursuant to this order, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than December 31, 2002.

Per Curiam

Do not publish.

3